UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

    -against-                                          1:05-CR-487
                                                                       (LEK)

KOFI YEVAKPOR,

                Defendant.
_____

## MEMORANDUM-DECISION AND ORDER[1]

### I. BACKGROUND

Defendant Kofi Yevakpor ("Defendant") was indicted on two (2) felony counts: (a) attempted importation of a controlled substance from Canada - namely heroin, a Schedule I controlled substance - in violation of 21 U.S.C. §§ 952, 960 & 963; and (b) possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841. See Indictment (Dkt. No. 5). The amount of heroin exceeded one (1) pound - actually weighing about 5.8 pounds. See id.; Complaint (Dkt. No. 1). Defendant had a trial by jury, and was convicted on all counts on February 22, 2006. See Dkt. Nos. 30, 32, 34, 36-37, 41.

Following the verdict, Defendant received extensions of time within which to file any post-trial motions. See Dkt. Nos. 47, 49. On May 26, 2006, Defendant filed a Motion for a New Trial, with supporting memorandum of law, pursuant to Federal Rule of Criminal Procedure 33. See Motion & Deft's Mem. of Law (Dkt. No. 62, Attachs. 1 & 2); FED. R. CRIM. P. 33. Defendant's main contention in the present Motion is that the Government's drug expert at trial, New York State

---

[1] For printed publication by the Federal Reporters.

Case 1:05-cr-00487-LEK   Document 66   Filed 08/09/06   Page 2 of 8


Police Senior Investigator Samuel Mercado ("Mercado"), violated Defendant's due process rights by testifying beyond the permissible parameters set forth in this Court's Memorandum-Decision and Order ("MDO") of February 14, 2006 - in which this Court addressed Defendant's Motions in Limine.  See Deft's Mem. of Law (Dkt. No. 2, Attach. 2).  See also February 2006 MDO (Dkt. No. 31).  Furthermore, Defendant argues that Mercado's testimony was unnecessary given the "expert testimony" presented through the border patrol agents as to smuggling techniques and interdiction - with Defendant suggesting that the Government used unrelated testimony from Mercado as "scotch tape... to seal the holes in the proof" and convict Defendant by use of stereotypes and guilt by association.  See Deft's Mem. of Law (Dkt. No. 2, Attach. 2) at 9-11.

The Government has filed briefing in opposition to Defendant's Motion, with exhibits, arguing that Mercado's testimony clearly did not breach the restrictions imposed by this Court, and that, in any event, the Government did not heavily or solely rely on Mercado's testimony during closing arguments.  See Govt's Mem. of Law & Exs. (Dkt. No. 65, Attachs. 1-3).

After review of the record, and the submissions of the parties, and for the reasons that follow in the Discussion, the Court finds that there are no grounds for granting Defendant a new trial. Defendant's Motion for a new trial is, therefore, denied.

## II. DISCUSSION

### A.  Standard of Law

Federal Rule of Criminal Procedure 33 provides, in relevant part: "(a) Defendant's Motion. Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."  FED. R. CRIM. P. 33(a).

> Indeed, Rule 33 by its terms gives the trial court "broad discretion... to set aside a jury verdict and order a new trial to avert a perceived miscarriage of justice."... The district court must strike a balance between weighing the evidence and credibility of witnesses and not "wholly usurp[ing]" the role of the jury....

United States v. Ferguson, 246 F.3d 129, 133-34 (2d Cir. 2001) (citing, *inter alia*, United States v. Sanchez, 969 F.2d 1409, 1413-14 (2d Cir. 1992)).

In addition,

> [t]he ultimate test on a Rule 33 motion is whether letting a guilty verdict stand would be a manifest injustice.... The trial court must be satisfied that "competent, satisfactory and sufficient evidence" in the record supports the jury verdict.... The district court must examine the entire case, take into account all facts and circumstances, and make an objective evaluation.... "There must be a real concern that an innocent person may have been convicted."... Generally, the trial court has broader discretion to grant a new trial under Rule 33 than to grant a motion for acquittal under Rule 29, but it nonetheless must exercise the Rule 33 authority "sparingly" and in "the most extraordinary circumstances."... Indeed, this standard has been described as a "heavy burden,"... and "[i]t is well-settled that motions for new trials are not favored and should be granted only with great caution."... "The ultimate test on a Rule 33 motion is whether letting a guilty verdict stand would be a manifest injustice."

United States v. Schlesinger, 390 F. Supp. 2d 274, 275-76 (E.D.N.Y. 2005) (citing, *inter alia*, FED. R. CRIM. P. 33; Ferguson, 246 F.3d at 133-34; Sanchez, 969 F.2d at 1414; United States v. Costello, 255 F.2d 876, 879 (2d Cir. 1958)).  See also United States v. Sattar, 395 F. Supp. 2d 66, 72 (S.D.N.Y. 2005).

### B.  The Merits of the Motion

As this Court found in its February 2006 MDO, and reiterates herein:

Federal Rule of Evidence 702 provides that "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise".  FED. R. EVID. 702.

3

> "If the testimony is instead directed solely to 'lay matters which a jury is capable of understanding and deciding without an expert's help', the testimony is properly excludable." United States v. Castillo, 924 F.2d 1227, 1232 (2d Cir. 1991) (quoting Andrews v. Metro-North Commuter R.R. Co., 882 F.2d 705, 708 (2d Cir. 1989)).  "The Rules of Evidence provide a liberal standard for the admissibility of expert testimony." United States v. Dukagjini, 326 F.3d 45, 52 (2d Cir. 2002) (citing Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 588 (1993) and United States v. Boissoneault, 926 F.2d 230, 232 (2d Cir. 1991)).
>
> ....
>
> The Second Circuit has "repeatedly affirmed that the operations of narcotics dealers are the proper subject for expert testimony under Rule 702." Castillo, 924 F.2d at 1232.  See also United States v. Garcia, 413 F.3d 201, 216 (2d Cir. 2005); Boissoneault, 926 F.2d at 232.  It is well established that experienced narcotics agents "may explain the use and meaning of codes and jargon developed by drug dealers to camouflage their activities" and could  "offer their interpretations of any physical evidence that is properly before the jury." Boissoneault, 926 F.2d at 232-33 (citing, *inter alia*, United States v. Kusek, 844 F.2d 942, 949 (2d Cir. 1988); United States v. Nersesian, 824 F.2d 1294, 1308 (2d Cir. 1987)).  The Circuit has limited the use of such testimony to "occasions where the subject matter of the testimony is beyond the ken of the average juror." Castillo, 924 F.2d at 1232.  See also United States v. Cruz, 981 F.2d 659, 664 (2d Cir. 1992) (expert testimony must "have esoteric aspects reasonably perceived as beyond the ken of the jury"); [United States v.] Tapia-Ortiz, 23 F.3d [738,] 740 [(2d Cir. 1994)] (same).
>
> The Government intend[ed] to call Mercado[, and, indeed, called Mercado] to testify on the value of the heroin involved in this case and the role and methods of transporters in heroin trafficking.  Letter from AUSA (Dkt. No. 17, Attach. 2; Dkt. No. 26, Attach. 1); Gov't Trial Brief (Dkt. No. 20) at 7.  This includes the type of heroine seized, the origins of the heroine, its purity, the typical wholesale value per kilogram, the retail value per glassine baggie, the difference in retail value depending on location of sale, the typical wholesale weight of a gram, the pricing formula, the estimated value of the heroin seized and the estimated net profits using a price of $10.00 per glassine baggie based upon 10,000 glassine bags per kilogram after sale in New York City.  See Letter from AUSA (Dkt. No. 17, Attach. 2; Dkt. No. 26, Attach. 1).  The Government also [sought] to have Mercado testify as to the methods used to bring heroin across an international border, the charge for transporting heroin and the ways in which transporters receive compensation, and how they incur incidental expenses associated with the transportation.  Id.

February 2006 MDO (Dkt. No. 31) at 17-19.  The proffered uses of Mercado's testimony were found to be proper.

The only limitation that this Court placed on Mercado's testimony in the February 2006 MDO was that Mercado was not to "express an opinion as to whether Defendant did or did not have the mental state or condition constituting an element of the crime charged, as such ultimate issues are matters for the trier of fact." See February 2006 MDO (Dkt. No. 31) at 20; FED. R. EVID. 704(b); Brown, 776 F.2d at 401.

The Government has submitted, as exhibits accompanying its memorandum of law, copies of the trial transcript containing the testimony of Mercado and the Government's closing argument. See Dkt. No. 65, Exs. 1-2. The Government's position, in part, is that Mercado did not testify as to Defendant's actual knowledge or mental state, and did not otherwise violate the parameters for testimony contained in this Court's February 2006 MDO. See Govt's Mem. of Law (Dkt. No. 65, Attach. 1).

At trial, Mercado testified as to, *inter alia*, the color and source of heroin samples, purity levels, packaging and transportation, street sales, use and habits, and methods of smuggling and importation. See TR (Dkt. No. 59) at 472-502;[2] Govt's Ex. 1 (Dkt. No. 65, Ex. 1). Mercado also testified as to his background, and his activities and knowledge from time as an undercover agent - all of said testimony serving to either illuminate fact issues or lay the foundation of Mercado's role as an expert witness. The testimony was not unrelated to this case, since issues concerning methods of importation and the role of drug mules went directly to the fact issue of whether Defendant was a mule, or instead an "unwitting smuggler" (see TR (Dkt. No. 57) at 181), and whether he could be found to have knowledge of the drugs secreted in his luggage at the border. And, as the Government argues (see Govt's Mem. of Law (Dkt. No. 65, Attach. 1) at 3, 4), this Court finds that

---

[2] "TR" refers to the transcript of the trial proceedings.

Mercado did not cross the line to offer direct opinion testimony as to Defendant's actual mental state (*mens rea*) or knowledge.

Furthermore, as the Government also argues (see id. at 6), Defense counsel never made any objection at trial embodying the arguments put forward in the instant motion. Courts have found such failure to object at trial either to work as a waiver of the issue or to change the standard of review to one of "plain error". See id.; United States v. McBride, 862 F.2d 1316, 1319 (8th Cir. 1988) (citing cases); United States v. Washington, 263 F. Supp. 2d 413, 426 n.7 (D. Conn. 2003) ("Prosecutorial misconduct to which contemporaneous objections are made is reviewed for harmless error,... but prosecutorial misconduct to which no objection is raised during trial is reviewed for plain error under Fed. R. Crim. P. 52(b)") (citing, *inter alia*, United States v. Young, 470 U.S. 1, 14-20 (1985); United States v. Torres, 845 F.2d 1165, 1172 (2d Cir. 1988); McBride, 862 F.2d 1316). The Washington Court noted some question as to whether the Rule 52 plain error analysis applied to claims/objections first raised in a Rule 33 Motion, but determined that it would perform a quasi-appellate review and employ said plain error standard. See Washington, 263 F. Supp. 2d at 426 n.7.

The Court finds that Mercado's testimony at trial did not cross the threshold of permissible testimony set forth in the February 2006 MDO, since the proffered testimony fit securely within Mercado's role as an expert witness - providing testimony from expert experience and knowledge. And, Mercado's testimony as to the intricacies of the drug trade and its players and participants served to "assist the trier of fact to understand the evidence or to determine a fact in issue" - which is a permissible use of expert testimony and opinion under Federal Rule of Evidence 702, considering the average juror likely has little experience with the drug underworld. Mercado's

testimony did not go solely to an issue of lay matters which the jury would be capable of understanding or deciding without the help of an expert, such as Mercado.

The jury heard the testimony of numerous witnesses, and had numerous pieces of evidence to consider during deliberations. Defendant had a fair trial, resulting in a conviction that is not questionable or manifestly unjust. No plain error existed; and Defendant's right to due process was not violated.

Thus, after review of the submissions, and the evidence and testimony from the trial, the Court finds no extraordinary circumstances, and no manifest injustice, in the guilty verdict at issue. There are no factors which lead this Court to believe that the limitations in the February 2006 MDO, or the *Federal Rules*, were breached. The Court finds no grounds in support of Defendant's Motion for a New Trial. For that reason, Defendant's Motion is denied. Sentencing will be held, as now scheduled, on Wednesday, August 30, 2006, at 9:30 a.m., in Courtroom Number One of the James T. Foley United States Courthouse, in Albany, New York.

### III. Conclusion

Based on the foregoing discussion, it is hereby

**ORDERED**, that Defendant's Motion for a New Trial (Dkt. No. 62) is **DENIED**; and it is further

**ORDERED**, that **Sentencing will be held, as now scheduled, on Wednesday, August 30, 2006, at 10:30 a.m.**, in Courtroom Number One of the James T. Foley United States Courthouse, in Albany, New York; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:     August 09, 2006
           Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge